CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 1, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-32697-swe7 |
| JOHN BARRETT ROUSH | § | |
| MINDEE LEE ROUSH | § | Chapter 7 |
| | § | |
| Debtors. | § | |

**AGREED ORDER CONDITIONING THE CONTINUATION OF THE AUTOMATIC STAY**

On this day came on for consideration the Motion of Origin Bank Seeking Relief From the Automatic Stay and Entry of Order Waiving the Provisions of FRBP 4001(a)(3) [Doc 23] (the "Motion") filed herein on July 6, 2026. If not otherwise defined, all capitalized terms utilized herein have the same meanings as set forth in the Motion.

By the Motion, Origin Bank (the "Movant") requested the entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(2) to allow it to exercise its rights under the Security Instrument referenced therein. John Barrett Roush and Mindee Lee Roush (the "Debtors") and

Movant have both appeared herein through counsel and have personally consented to the terms of this Agreed Order.

Upon consideration of the Motion, the agreement of the parties, and upon the record thereon, the Court finds that : (1) this Court has jurisdiction pursuant to 28 U.S.C. §1334 and that this matter is a core proceeding as defined in 28 U.S.C. §157(b); (2) notice of the Motion was proper and adequate, and that no other or further notice is necessary; and (3) the relief requested in the Motion is necessary to aid in the effective administration of the bankruptcy estate and in order to avoid irreparable harm to the Movant. It is therefore,

**ORDERED THAT:**

1. The 11 U.S.C. § 362 automatic stay as to Movant, its successors and/or assigns, in accordance with the parties' agreement, is hereby MODIFIED and shall remain in effect provided that the Debtors comply with the conditions set forth herein.

**A. ACKNOWLEDGEMENT OF INDEBTEDNESS AND OBLIGATIONS**

2. Debtors acknowledge that Movant is the holder of the Note and Security Instrument executed by the Debtors on or about July 15, 2022 (hereinafter collectively referred to as the "Loan Documents"). The Loan Documents together evidence and secure repayment of an original sum of $528,000.00 owed to Movant by Debtor John Barrett Roush which is secured by the Debtors' residential homestead real property located at 9049 Church Road, Dallas, Texas 75231 (the "Property"). Debtors acknowledge that, as of Petition Date, the total amount due and owing to Movant under the Loan Documents was $507,389.88.

3. Debtors further acknowledge that the Loan Documents obligate them a) to remit monthly installment payments of principal, interest, and escrow funds to Movant; b) to provide for the payment of annual ad valorem property taxes on the Property directly to all taxing authorities

as the Movant executed a waiver agreeing these amounts are not to be collected by the Movant and are instead to be paid directly by the Debtors; c) to keep the Property properly insured; and d) to pay the outstanding sums due and owing under the Note no later than August 1, 2052.

**B. CONDITIONAL CONTINUATION OF THE AUTOMATIC STAY**

4. The Automatic Stay shall continue conditioned on the Debtors' agreed payment terms as follows:

a. Debtors acknowledge the arrearage, through August 12, 2026, is $30,806.71 ("Arrearage").

b. Debtors agree to pay the Arrearage in three (3) equal payments of $10,268.90, with the first payment due on or before September 1, 2026 and the final payment due on November 1, 2026.

c. Debtors will resume paying all regularly scheduled monthly payments, in the current amount of $2,520.75, on September 1, 2026 and each month on or before the first of the month thereafter.

d. Debtors shall renew and maintain the required homeowners' insurance as required by Section 5 of the Security Instrument and shall provide proof of such insurance to Movant on or before October 1, 2026.

e. Debtors shall satisfy all outstanding ad valorem taxes due and owing against the Property to avoid any priming liens as required by Section 9 of the Security Instrument and shall provide proof to Movant of the satisfaction of all such ad valorem taxes on or before December 1, 2026.

**C. DEFAULT**

5. Should the Debtors default on any item described in Section B herein, Movant shall

send Debtors and Debtors' counsel notice of the default with a ten (10) day cure notice. Debtors shall be entitled to no more than three (3) such cure notices in any twelve (12) month period of time. If the Debtors have failed to timely cure after notice or have defaulted more than three (3) times in any given twelve (12) month period of time, the 11 U.S.C. §362 stay as to Movant, its successors and/or assigns, shall be immediately terminated without further notice or order of this Court, as to allow Movant to proceed to exercise its right a) to foreclose its interest in the Property and (b) to allow the adjudication of any and all claims by and between the Debtors and the Movant in the state courts, more specifically the action filed in the case styled *In Re: Foreclosure Concerning 9049 Church Road, Dallas, Texas 75231 Under Tex. R. Civ. P. 736,* Cause No. DC-26-10850 in the 95th Judicial District Court of Dallas County, Texas.

6. Movant agrees to take no additional action to foreclose the Property or collect any past due balances as long as the requirements of Paragraph B above are satisfied. Movant further agrees that by satisfying the conditions of Paragraph B above, Borrower will have exercised its right to reinstate the terms of the Loan Documents pursuant to Paragraph 18 of the Texas Home Equity Security Instrument.

7. The Debtors' address for written notifications under this Agreement is: John Barrett Roush and Mindee Lee Roush, 9049 Church Road, Dallas, TX 7523. The e-mail address for Debtors' counsel is: mhayward@haywardfirm.com and WShirley@haywardfirm.com

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the fourteen (14)-day stay period set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not be applicable.

# # # End of Order # # #

**APPROVED AS TO FORM AND SUBSTANCE BY:**

*/s/ Wyatt Shirley*

**HAYWARD, PLLC**
Wyatt Shirley
Texas Bar No. 24131665
Email: wshirley@haywardfirm.com
Melissa Hayward
Texas Bar No. 24044908
Email:MHayward@haywardfirm.com
10501 N. Central Expressway,
Ste 106
Dallas, Texas 75231
**Counsel for Debtors**

*/s/ Brett Field*

**Stromberg Stock, PLLC**
Brett Field
Texas Bar No. 24050596
Email: brett@strombergstock.com
8350 North Central Expressway
Suite 1225
Dallas, TX 75206
Telephone: 972-458-53533
**Counsel for Origin Bank**